IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| AURA LIGHT US INC., | : |
| Plaintiff, | : |
| v. | : Civil Action Nos. GLR-15-3198, GLR-15-3200 |
| LTF INTERNATIONAL LLC, et al., | : |
| Defendants. | : |

**MEMORANDUM OPINION**

THIS MATTER is before the Court on two ripe Motions: (1) Defendants LTF Lighting LLC ("LTF Lighting") and Paul V. Palitti, Jr.'s Motion for Judgement on the Pleadings, (ECF No. 31),[1] and Plaintiff Aura Light US Inc.'s ("Aura") Motion for Leave to File Amended Complaints, (ECF No. 38).[2] No hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will deny LTF Lighting and Palitti's Motion as moot without prejudice and grant Aura's Motion.

**I. BACKGROUND**

The Court discussed the background facts of this case in its September 15, 2016 Opinion (ECF No. 20). For context, the Court repeats some of those facts here.

In January 2015, Defendants LTF International LLC ("LTF International"), LTF Lighting, and Palitti (collectively, "Defendants") introduced Aura to James Industry Group Co., Ltd., a Hong Kong

---

[1] Unless otherwise indicated, all references to the Court's electronic filing system are to GLR-15-3198.
[2] Also pending before the Court is Aura's Motion for Summary Judgment (ECF No. 46). As of the date of this Opinion, Aura's Motion

corporation that manufactures lighting products. (Compl. ¶ 11). The parties then engaged in negotiations to create a new business venture for the wholesale marketing, distribution, and sale of lighting products to commercial customers throughout North America. (Id.). Ultimately, the negotiations broke down, and in May 2015, the parties elected not to proceed with the proposed new business venture. (Id. ¶ 12). Nevertheless, while negotiations were ongoing, Aura and Defendants "entered into an agreement pursuant to which Aura would manufacture and deliver to [Defendants] certain lighting products." (Id. ¶ 13). In accordance with this "agreement," during the period of December 2014 through May 2015, Defendants submitted thirty-four purchase orders (the "Purchase Orders") to Aura for the manufacture and delivery of specific lighting products. (Id. ¶ 14; Compl. ¶ 14, ECF No. 1, GLR-15-3200).

After Aura either manufactured, or manufactured and delivered, the lighting products that Defendants ordered, Aura sent Defendants thirty-four invoices (the "Invoices") -- one for each Purchase Order. (Compl. ¶ 15, GLR-15-3198; Compl. ¶ 15, GLR-15-3200). Defendants have failed to pay the Invoices. (Compl. ¶ 17, GLR-15-3198; Compl. ¶ 17, GLR-15-3200). The Purchase Orders and Invoices provide that the total price to Defendants for the products that Aura manufactured is approximately $9 million. (See ECF Nos. 1-1, 1-2, GLR-15-3198; ECF Nos. 1-1, 1-2, GLR-15-3200).

---

is not ripe for disposition.

On October 20, 2015, Aura initiated two breach-of-contract actions against Defendants (the "Actions"). See Aura Light US Inc. v. LTF Int'l LLC, No. GLR-15-3198 (D.Md. filed Oct. 20, 2015); Aura Light US Inc. v. LTF Int'l LLC, No. GLR-15-3200 (D.Md. filed Oct. 20, 2015). On November 20, 2015, Defendants filed Motions to Consolidate the Actions and Motions to Dismiss Complaint for Lack of Subject-Matter Jurisdiction. (ECF Nos. 4, 5, GLR-15-3198; ECF Nos. 4, 5, JFM-15-3200). On December 28, 2015, Aura filed a Motion for Summary Judgment (ECF No. 11, JFM-15-3200). On March 28, 2016, Defendants filed Supplemental Motions to Dismiss Complaint for Lack of Subject-Matter Jurisdiction (ECF No. 10, GLR-15-3198; ECF No. 20, JFM-15-3200). On April 25, 2016, the Court granted Defendants' Motions to Consolidate the Actions. (ECF No. 17, GLR-15-3198; ECF No. 32, JFM-15-3200). On September 15, 2016, the Court denied Defendants' Motions to Dismiss Complaint for Lack of Subject-Matter Jurisdiction and Supplemental Motions to Dismiss Complaint for Lack of Subject-Matter Jurisdiction. (ECF No. 21). That same day, the Court also denied without prejudice Aura's Motion for Summary Judgment. (Id.). Defendants answered and counterclaimed on October 4, 2016. (ECF No. 25).

Less than two weeks later, on October 13, 2016, LTF Lighting and Palitti filed the present Motion for Judgment on the Pleadings. (ECF No. 31). It was fully briefed as of November 17, 2016. (See ECF Nos. 34, 35). On January 6, 2017, Aura filed the instant Motion for Leave to File Amended Complaints. (ECF No. 38). Palitti responded in

3

opposition on January 27, 2017. (ECF No. 42). To date, the Court has no record that Aura replied.

## II. DISCUSSION

**A. LTF Lighting and Palitti's Motion for Judgment on the Pleadings**

**1. Standard of Review**

LTF Lighting and Palitti move under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings. "Under Rule 12(c), a party may move for judgment on the pleadings any time after the pleadings are closed, as long as it is early enough not to delay trial." Prosperity Mortg. Co. v. Certain Underwriters At Lloyd's, London, No. GLR-12-2004, 2013 WL 3713690, at *2 (D.Md. July 15, 2013). The pleadings are closed when the defendant files an answer. See Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 405 (4th Cir. 2002).

A Rule 12(c) motion is governed by the same standard as Rule 12(b)(6) motions to dismiss. Id. at 406. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir. 1999) (quoting Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft

4

v. Iqbal*,* 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly*,* 550 U.S. 544, 570 (2007)).

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim for relief. Id. (citing Twombly*,* 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, to state a plausible claim, the complaint must allege sufficient facts to establish each element of the claim. Goss v. Bank of Am., N.A.*,* 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen*,* 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom., Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cty., 407 F.3d 266, 268 (4th Cir. 2005). But the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678.

In resolving a Rule 12(b)(6) motion, the Court proceeds in two steps. First, the Court determines "which allegations in the Complaint are factual allegations entitled to deference, and which are mere legal conclusions that receive no deference." Harden v. Montgomery Cty., No. 8:09-CV-03166-AW, 2010 WL 3938326, at *1-2 (D.Md. Oct. 6, 2010) (citing Iqbal, 556 U.S. at 678-79). Second, the Court focuses on the well-pleaded allegations, assumes their veracity, and determines "whether they plausibly give rise to an entitlement to relief." Id. (quoting Iqbal, 556 U.S. at 679).

The general rule is that a court may not consider extrinsic evidence when resolving a Rule 12(b)(6) motion. See Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC, 794 F.Supp.2d 602, 611 (D.Md. 2011). But a court may consider documents attached to the complaint. See Fed.R.Civ.P. 10(c). In the event that any properly considered extra-pleading materials conflict with the "bare allegations of the complaint," the extra-pleading materials "prevail." Fare Deals Ltd. v. World Choice Travel.com, Inc., 180 F.Supp.2d 678, 683 (D.Md. 2001) (citing Fayetteville Inv'rs v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991)).

**2. Analysis**

Aura asserts only one claim against Defendants: breach of contract. (See Compl.). Under Maryland law,[3] a plaintiff alleging a breach of contract "must of necessity allege with certainty and

---

[3] The parties agree that Maryland law applies to this diversity

definiteness facts showing [1] a contractual obligation owed by the defendant to the plaintiff and a [2] breach of that obligation by defendant." Polek v. J.P. Morgan Chase Bank, N.A., 36 A.3d 399, 416 (Md. 2012) (quoting Cont'l Masonry Co. v. Verdel Constr. Co., 369 A.2d 566, 569 (Md. 1977)) (internal quotation marks omitted). For there to be a contractual obligation, the parties must have formed a contract. Because this case involves purported contracts for the sale of goods, the Uniform Commercial Code ("UCC") governs whether the parties formed a contract. See Md.Code Ann., Com. Law § 2-201 (West 2017).

The UCC provides that a "contract for sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of such a contract." Id. § 2-204(1). This provision affirms that a manifestation of mutual assent is an essential prerequisite of contract formation. Archer W. Contractors, LLC v. Synalloy Fabrication, LLC, No. CCB-14-3031, 2016 WL 930965, at *6 (D.Md. Mar. 11, 2016). Not just any manifestation of mutual assent will do -- the UCC "requires 'an objective manifestation of mutual assent by the parties.'" Id. (quoting Audio Visual Assocs., Inc. v. Sharp Elecs. Corp., 210 F.3d 254, 258 (4th Cir. 2000)). Such a manifestation "ordinarily takes the form of an offer by one party followed by an acceptance by the other party." Id. (quoting Audio Visual Assocs., 210 F.3d at 258-59) (internal quotation marks omitted). "In the case of contracts for the sale of goods, the offer usually

action.

takes the form of a purchase order." Id. (quoting Audio Visual Assocs., 210 F.3d at 259).

Aura asserts that the Purchase Orders that it attaches to the Complaints are the contracts that LTF Lighting and Palitti breached. LTF Lighting and Palitti contend that they are entitled to judgment because Aura does not plausibly allege that LTF Lighting or Palitti issued the Purchase Orders. In other words, LTF Lighting and Palitti maintain that Aura fails to plausibly allege that LTF Lighting or Palitti offered to purchase goods from Aura. For its part, Aura argues that LTF Lighting and Palitti are not entitled to judgment because the Complaints' allegations, as well as the Purchase Orders, establish that all Defendants issued the Purchase Orders. The Court disagrees with Aura.

Aura alleges that "as a result of the discussion surrounding a proposed business venture, Aura and LTF entered into an agreement pursuant to which Aura would manufacture and deliver to LTF certain lighting products." (Compl. ¶ 13, GLR-15-3198; Compl. ¶ 13, GLR-15-3200). Aura then alleges that pursuant to this "agreement," "LTF" issued the Purchase Orders to Aura. (Compl. ¶ 15, GLR-15-3198; Compl. ¶ 15, GLR-15-3200). Aura defines "LTF" as encompassing all three Defendants. (Compl. at 2–3, GLR-15-3198; Compl. at 2, GLR-15-3200). Aura explains that it crafted its allegations to refer collectively to Defendants because throughout their dealings with Aura, "Defendants

8

acted collectively without differentiating among themselves." (ECF No. 34 at 4).

If the Purchase Orders do not show that all Defendants issued them -- as Aura alleges -- then the Purchase Orders trump Aura's contrary allegations. See Fare Deals, 180 F.Supp.2d at 683. The Court finds that the Purchase Orders, indeed, belie Aura's allegations. In fact, the Purchase Orders show that only LTF International issued them. (See ECF No. 1-1, GLR-15-3198; ECF No. 1-1, GLR-15-3200 ["Purchase Orders"]). In all thirty-four Purchase Orders, LTF International appears in the upper left hand corner as the issuing party. (Id.). The Invoices further confirm that only LTF International issued the Purchase Orders because only LTF International appears in the "bill to" section of the Invoices. (See ECF No. 1-2, GLR-15-3198; ECF No. 1-2, GLR-15-3200). To be sure, LTF Lighting's name appears on all the Purchase Orders and Palitti signed some of them. (See Purchase Orders). But LTF Lighting appears only in the "ship to" section of the Purchase Orders, and when Palitti signed the purchase orders, he did so in his capacity as "Manager" -- not in his personal capacity. (See id.). Because the Purchase Orders show that only LTF International issued them, the Court concludes that Aura does not plausibly allege that LTF Lighting or Palitti offered to purchase goods from Aura. And without any offers from LTF Lighting or Palitti, of course, there can be no contracts between Aura and these Defendants. See Archer W. Contractors, 2016 WL 930965, at *6.

9

Aura also contends that it sufficiently states a claim for breach of contract against Palitti because Aura alleges that it "understood that [Palitti] would be liable for all debts of LTF Lighting and LTF International through the Purchase Orders." (Compl. ¶ 14). The Court is not persuaded for at least two reasons. First, as LTF Lighting and Palitti argue, the Court need not accept this factual allegation because it is conclusory and devoid of any reference to specific events or communications that might reasonably have created Aura's "understanding." See United Black Firefighters, 604 F.2d at 847. Second, even assuming, without finding, that the Purchase Orders qualify as enforceable contracts between Aura and Palitti, the principle of objective contract interpretation would apply. See Cochran v. Norkunas, 919 A.2d 700, 709 (Md. 2007). Under this principle, the Court "look[s] at what a reasonably prudent person in the same position would have understood as to the meaning of the agreement." Id. Having reviewed all the Purchase Orders, the Court finds no language that would lead a reasonable person in the position of the parties to conclude that Palitti agreed to be liable for any debts that LTF Lighting or LTF International incurred under the Purchase Orders.

In sum, the Court concludes that based on the Complaints' allegations and attachments, Aura fails to sufficiently state a claim for breach of contract against LTF Lighting or Palitti. Aura, however, requests leave to amend. (See ECF No. 34 at 9 n. 7) ("To the extent

that the Court is not satisfied that the Complaints as currently formulated state claims for breach against LTF Lighting and [Palitti], then [Aura] respectfully requests leave to Amend its Complaints."). Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend a complaint] when justice so requires." Justice does not require permitting leave to amend when amendment would prejudice the opposing party, the moving party has exhibited bad faith, or amendment would be futile. See Edell & Assocs., P.C. v. Law Offices of Peter G. Angelos, 264 F.3d 424, 446 (4th Cir. 2001) (citing Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999)). Leave to amend "should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986) (citing Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980)).

LTF Lighting and Palitti do not oppose the request expressly, and based on the new allegations that Aura proposes, the Court finds no prejudice, bad faith, or futility. Accordingly, the Court will grant the request and deny LTF Lighting and Palitti's Motion as moot without prejudice.[4]

## B. **Aura's Motion for Leave to File Amended Complaints**

### 1. **Analysis**

In its Motion for Leave to File Amended Complaints, Aura seeks to amend the Complaints for reasons different than those in its request

---

[4] After Aura further amends the Complaints, LTF Lighting and

for leave to amend. Aura explains that "[d]uring the course of discovery, Aura realized that prior to entering into any business transactions with Defendants, Defendants had provided a Guaranty Agreement." (ECF No. 38-1 at 2). According to Aura, the Guaranty Agreement "expressly states that Defendants have agreed to acts as sureties for the payments due to Aura and further states that the payment obligation is unconditional and irrevocable, joint and several, from each of the guarantors, including LTF Lighting, LTF International and WIS Lighting LLC ("WIS Lighting")." (Id.). Based upon the legal obligations outlined in the Guaranty Agreement, Aura moves for leave to file First Amended Complaints that add a claim for breach of the Guaranty Agreement and add WIS as a Defendant. Aura attaches the proposed First Amended Complaints. (See ECF Nos 38-2, 38-4).

In his two-paragraph opposition, Palitti contends that granting Aura leave to amend would be futile for the reasons set forth in LTF Lighting and Palitti's Motion for Judgment on the Pleadings. (ECF No. 42). In that Motion, as discussed above, LTF Lighting and Palitti argue that the Complaints fail to pass muster under Rule 12(b)(6). (See ECF No. 31). There is no question, to be sure, that leave to amend would be futile when an amended complaint could not survive a Rule 12(b)(6) motion. See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008). Yet the Court need not apply the Rule 12(b)(6) standard when determining whether leave to amend

---

Palitti may, if they so choose, refile their Motion.

would be futile.  The Court applies a much less demanding standard: whether "the proposed amendment is clearly insufficient or frivolous on its face."  Johnson, 785 F.2d at 510.  After reviewing the proposed amended pleadings, the Court concludes that they are not clearly insufficient or frivolous on their face.  The Court, thus, will grant Aura's Motion.

### III. CONCLUSION

For the foregoing reasons, the Court will DENY AS MOOT WITHOUT PREJUDICE LTF Lighting and Palitti's Motion for Judgment on the Pleadings (ECF No. 31) and GRANT Aura's request for leave to amend (ECF No. 34 at 9 n.7).  The Court will also GRANT Aura's Motion for Leave to File Amended Complaints (ECF No. 38) and DIRECT the Clerk to ACCEPT Aura's First Amended Complaints (ECF Nos. 38-2, 38-4).  A separate Order follows.

Entered this 8th day of June, 2017

/s/
_____
George L. Russell, III
United States District Judge